UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60086-CIV-GOLD/McALILEY

DENNY HUGHES,

    Appellant

v.

JAMESTOWN SQUARE LLC,

    Appellee.
_____/

## ORDER GRANTING MOTION TO DISMISS [DE 5]; CLOSING CASE

THIS CAUSE is before the Court upon Appellee's Motion to Dismiss [DE 5], filed January 23, 2009. Appellant filed a Response [DE 7], and Appellee filed a Reply [DE 9]. For the reasons stated below, I grant Appellee's Motion to Dismiss, and dismiss this bankruptcy appeal.

I.    Background

On March 3, 2008, Appellant Hughes filed an Involuntary Petition in Bankruptcy Case No. 08-12535-JKO ("Case 1"). Upon Jamestown Square LLC's Motion to Dismiss, Bankruptcy Judge John K. Olson dismissed the case without prejudice because Hughes failed to include the necessary allegations in the Involuntary Petition to support relief [DE 2-3]. Appellant Hughes appealed the decision, filing the instant appeal on December 1, 2008 [DE 1].

Also on December 1, 2008, Appellant Hughes refiled the Involuntary Petition in Bankruptcy Case No. 08-28319-JKO ("Case 2"), this time including the necessary allegations. Jamestown Square LLC's filed a Motion to Abstain or Dismiss, arguing that the Bankruptcy Court should abstain because of a pending State Court Action. Thereafter, on February 4, 2009, Bankruptcy Judge Olson abstained under 28 U.S.C. §1334(c)(1) and

(2), permissive and mandatory abstention, respectively.[1] In the meantime, on January 23, 2009, Appellee Jamestown Square LLC filed a Motion to Dismiss Appeal [DE 5], citing the procedural history of Bankruptcy Cases 1 and 2, and seeking to dismiss the present appeal.

II.  Analysis

As discussed above, in the case before me, Appellant Hughes appeals the decision of Bankruptcy Judge Olson in Case 1, Bankruptcy Case No. 08-12535-JKO, in which Judge Olson dismissed Appellant's Involuntary Petition without prejudice. Under 28 U.S.C. § 158, district courts have jurisdiction to hear bankruptcy appeals from "final judgements, orders, and decrees."[2] 28 U.S.C. § 158(a)(1). "The concept of finality employed to determine appealability under the Bankruptcy Code is 'open to a more liberal interpretation' than that applicable to civil litigation governed by 28 U.S.C. § 1291, but this liberality stems from practicality, and is limited by it in turn." *In re Atlas,* 210 F.3d 1305, 1308 (11th

---

[1]
18 U.S.C. § 1334(c)(1) states, "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

18 U.S.C. § 1334(c)(2), states, "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

[2]
District courts also have jurisdiction over interlocutory appeals if Appellant demonstrates that the order appealed (1) presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.),* 187 B.R. 746, 749 (M.D.Fla.1995) (citing 28 U.S.C. § 1292(b). Appellant has made no such showing here.

Cir.2000); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Such practical concerns include duplicative litigation and the resulting waste in judicial resources. *See Matter of Morrell*, 880 F.2d 855 (5th Cir. 1989) ("Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation, and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater."); *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir.2000). Generally, then, an order is deemed "final," and therefore appealable, only if it "constitute[s] final determination of the rights of parties to secure the relief they seek in this suit." *Murphy v. Weathers*, 2008 WL 4426080, at *3 (M.D.Ga. 2008) (quoting *In re Vause*, 886 F.2d 794, 797 (6th Cir.1989) (internal citations and quotations omitted).

Bankruptcy Judge Olson's dismissal in Case 1 was without prejudice. While a dismissal without prejudice may be final in some contexts, *see, e.g. Morton Int'l v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 477-78 (3d Cir.2006) ("a case dismissed without prejudice that cannot be reinstated is in the same position as a case dismissed with prejudice in that both cases have reached finality"), the dismissal here was not final because Appellant was permitted to refile his Involuntary Petition, and indeed did refile his Petition by filing Case 2, Bankruptcy Case No. 08-28319-JKO. The dismissal of Case 1, then, did not constitute a final determination of the Appellant's rights to secure relief.[3] Because I conclude that

---

[3] The practical effects of entertaining this appeal also weigh in favor of dismissal. Even if I were to grant the appeal, and remand to Bankruptcy Judge Olson, Judge Olson would likely dismiss the Involuntary Petition on abstention grounds (as he dismissed the Involuntary Petition in Case 2), or on principles of res judicata and/or collateral estoppel.

Bankruptcy Judge Olson's dismissal of Case 1 was not final, I do not have jurisdiction over this appeal.[4] Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. Appellee's Motion to Dismiss [DE 5] is GRANTED.

2. This appeal is DISMISSED.

3. All pending motions are DENIED as MOOT and all hearings are CANCELLED.

4. I reserve on costs and fees.

5. The Clerk of the Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of March, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

---

[4] At this stage, it appears that the proper action for Appellant would be to appeal the Bankruptcy Court's dismissal of and abstention from Case 2. See, e.g. Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 442 (2d Cir. 2005) ("A decision to abstain falls within the collateral order exception because it surrenders federal jurisdiction to a state court." and "An appealable collateral order is one that conclusively determines a disputed question that is completely separate from the merits of the action, effectively unreviewable on appeal from a final judgment, and too important to be denied review."); In re United Ins. Management, Inc, 14 F.3d 1380, 1384 (9th Cir. 1994) ("The [bankruptcy] court's decision to abstain is a final order because its impact is to send the case effectively out of court. The district court properly exercised jurisdiction.").